# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| SAYERS CONSTRUCTION, LLC, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | **Case No. A-19-CV-787-LY** |
| | § | |
| ACCORDANT COMMUNICATIONS, | § | |
| LLC, | § | |
| *Defendant* | | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

### TO: THE HONORABLE LEE YEAKEL
### UNITED STATES DISTRICT JUDGE

Before this Court are Plaintiff's Motion to Vacate Final Arbitration Award, filed August 7, 2019 (Dkt. No. 5); Accordant Communications, LLC's Opposition to Sayers Construction, LLC's Motion to Vacate Final Arbitration Award, filed August 29, 2019 (Dkt. No. 8); and Plaintiff's Reply, filed September 12, 2019 (Dkt. No. 13).

On October 31, 2019, the District Court referred the above motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.[1]

---

[1] The District Court also referred to the undersigned the related case of *Accordant Communications, LLC v. Sayers Construction, LLC*, 1:19-CV-401 LY (W.D. Tex. Apr. 10, 2019), as discussed further below.

# I.    GENERAL BACKGROUND

## A.  The Arbitration Proceeding

Accordant Communications, LLC ("Accordant") is a limited liability company organized under the laws of Georgia with its principal place of business in Seminole County, Florida. Sayers Construction, LLC ("Sayers") is a limited liability company organized under the laws of Texas with its principal place of business in Travis County, Texas. Pursuant to the parties' Master Service Agreement ("MSA"),[2] Accordant performed work as an electric utility subcontractor for Sayers, the general contractor, in South Florida between 2016 and 2017.

The MSA contained an arbitration clause requiring the parties to submit "all disputes to arbitration in accordance with the prevailing rules of the American Arbitration Association for the Construction Industry." Dkt. No. 1-1 at ¶ 38 ("Arbitration Clause"). The MSA also provided that the prevailing party would be entitled to reimbursement for all reasonable costs and expenses, including attorney's fees. *Id.* at ¶ 39. The MSA further provided that the arbitrator's decision "shall be final and judgment may be entered upon it in accordance with the applicable law in any Court having jurisdiction thereof." *Id.* at ¶ 38.

Accordant alleges that Sayers failed to pay Accordant for its work performed under the MSA. Accordingly, on December 6, 2017, Accordant filed an arbitration proceeding with the American Arbitration Association against Sayers, asserting claims for breach of contract, *quantum meruit*, and fraud. *See* Dkt. No. 1-2 at p. 4 (the "Arbitration Proceeding"). In response, Sayers asserted counterclaims for breach of contract and requested attorney's fees.

On March 22, 2019, after conducting a 19-day hearing on the matter, the Arbitrator issued his "Partial Award" finding that Accordant was the prevailing party in the proceeding and awarded

---

[2] Dkt. No. 1-1.

Accordant $459,392.09 in monetary damages, "plus an amount to be determined by the Arbitrator for interest, reasonable costs, expenses and attorney's fees." *Id.* at p. 41, 43. The Arbitrator also found that Sayers should recover nothing on its counterclaims. He ordered the parties to submit briefing on the issue of attorney's fees, costs, expenses, and interest. *Id.* at p. 41-42.

Accordant filed its Application for Fees requesting $825,165.00 in attorney's fees, as well as other costs and expenses. *See* Dkt. No. 5-6. Sayers objected to the fee request, arguing that Accordant should not be awarded attorney's fees under the Agreement because the MSA only permits the *reimbursement* of attorney's fees. Because Accordant had a contingency fee arrangement with its attorneys, Sayers argued, it could not be reimbursed for attorney's fees it never paid. Dkt. No. 5-7 at p. 2-3. The Arbitrator rejected this argument, finding that Accordant was entitled to the recovery of fees under the MSA and Texas law. Dkt. No. 1-2 at p. 4. Thus, on May 9, 2019, the Arbitrator issued his Final Award, awarding Accordant $793,565 in attorney's fees, $12,989.04 in litigation costs, $72,250 in arbitration expenses, and $59,240.58 in prejudgment interest. *Id.* at p. 6. The Final Award also stated that: "This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied." *Id.* at p. 6.

## B. Accordant's Lawsuit

On April 10, 2019, before the Arbitrator issued his Final Award, Accordant filed its lawsuit against Sayers seeking to confirm the Partial Arbitration Award. *See Accordant Communications, LLC v. Sayers Construction, LLC*, 1:19-CV-401 LY (W.D. Tex. Apr. 10, 2019) ("Accordant's Lawsuit"). Accordant's "Application to Confirm Arbitration Award" sought to confirm the Partial Award and notified the Court that it "will amend this application upon entry of an award for attorney's fees, costs, expenses, and interest." *Id.* at Dkt. No. 1 at ¶ 10. On May 9, 2019, Accordant

filed its Amended Application to Confirm Arbitration Award, asking the Court to affirm the Final Award in favor of Accordant in the amount of "$1,397,436.71, plus post-judgment interest and post-award interest to be determined by the Court." *Id.* at Dkt. No. 7 at p. 3.

On May 23, 2019, Sayers filed a motion to dismiss Accordant's Lawsuit under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. On September 18, 2019, the undersigned issued a Report and Recommendation recommending that the District Court deny Sayers' motion to dismiss and grant Accordant's Amended Application to Confirm the Final Arbitration Award. *See id.* at Dkt. No. 19. The District Court has not yet ruled on the Report and Recommendation.

### C. The Instant Lawsuit

Four months after Accordant filed its lawsuit, Sayers filed the instant lawsuit against Accordant seeking to vacate the Final Award. Sayers argues that the Final Award must be vacated "because the Arbitrator exceeded his powers by awarding nearly $800,000 in attorneys' fees that were neither incurred nor paid by Accordant." Dkt. No. 5 at p. 3. As Sayers argued before the Arbitrator, it contends that Accordant is not entitled to the recovery of any attorney's fees because the MSA permits only the *reimbursement* of attorney's fees, and Accordant cannot be reimbursed for fees it never paid. Accordingly, Sayers argues that the Arbitrator exceeded his powers in awarding attorney's fees in this case and the Arbitration Award must be vacated.

In response, Accordant argues that attorney's fees are permitted under the MSA, the Arbitrator expressly rejected Sayers' arguments regarding attorney's fees, and Sayers is attempting to have the Court review the Arbitrator's decision on the merits, which is inappropriate under the FAA.

## II.    ANALYSIS

### A.  The Federal Arbitration Act Applies

As an initial matter, Sayers contends that the Texas Arbitration Act ("TAA") and the Federal

Arbitration Act ("FAA") both govern whether the Arbitrator's Final Award should be vacated in

this case. In support of this argument, Sayers points to the choice-of-law provision in the MSA,

which provides that: "This agreement shall be governed by, and subject to, and construed in all

respects in accordance with the laws in the State of Texas." Dkt. No. 1-1 at ¶ 51. Sayers is mistaken.

First, Sayers ignores the fact that this arbitration proceeding was filed under the FAA in

Florida, not under the TAA. *See* Dkt. No. 1-2 at p. 4. In addition, the Arbitration Clause in the

MSA specifically states that the rules of the American Arbitration Association should apply to any

arbitration initiated under the MSA. Dkt. No. 1-1 at ¶ 38. In addition, the MSA provides that any

disagreement over an award for fees is subject to the Arbitration Clause. *Id.* at ¶ 39.

In addition, as the Fifth Circuit Court of Appeals has explained repeatedly, "FAA rules apply

absent clear and unambiguous contractual language to the contrary." *BNSF Ry. Co. v. Alstom*

*Transp., Inc.*, 777 F.3d 785, 790 (5th Cir. 2015) (quoting *Action Indus., Inc. v. U.S. Fid. & Guar.*

*Co.*, 358 F.3d 337, 341 (5th Cir. 2004)). While the Fifth Circuit has permitted arbitration under

non-FAA rules if a contract *expressly references* state arbitration law, "a choice-of-law provision

is insufficient, by itself, to demonstrate the parties' clear intent to depart from the FAA's default

rules." *Action Indus.*, 358 F.3d at 341-42. The MSA in this case does not expressly reference Texas

arbitration law, but instead contains only a choice-of-law provision. This is insufficient to compel

the application of the TAA in this case. *See Cooper v. WestEnd Capital Mgmt., L.L.C.*, 832 F.3d

534, 544 (5th Cir. 2016) (finding that FAA applied in the case where agreement did not expressly

reference California arbitration law but instead contained only a choice-of-law provision); *BNSF*

*Ry. Co.*, 777 F.3d at 790 (holding that because the agreement did not refer to the TAA, the FAA's

standard of review controlled in the case); *Action Indus.*, 358 F.3d at 342-43 (holding that the vacatur standards of the FAA applied where the agreement did not expressly reference the Tennessee Uniform Arbitration Act). Accordingly, the vacatur standards of the FAA apply here.

## B. The Standard for Vacatur

The FAA reflects a national policy favoring arbitration. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). "In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow." *Rain CII Carbon, LLC v. ConocoPhillips Co.*, 674 F.3d 469, 471-72 (5th Cir. 2012) (quoting *Brook v. Peak Int'l, Ltd.*, 294 F.3d 668, 672 (5th Cir. 2002)).

Under the FAA, the court "must" confirm an award unless the award is vacated under Section 10 or modified or corrected under Section 11. *Hall St. Assocs., L.L.C.*, 552 U.S. at 582. An award may be vacated:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators;
>
> (3) where the arbitrators were guilty of misconduct . . . or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

Section 10 provides the *exclusive grounds* for vacatur of an arbitration award. *Citigroup Global Mkts., Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009) (holding that there are no longer non-statutory grounds for vacating arbitration awards). Thus, courts cannot vacate an award for a "mere mistake of fact or law," *Rain CII Carbon*, 674 F.3d at 472, and have "no business weighing the

merits of the grievance" or "considering whether there is equity in a particular claim." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 37 (1987) (quoting *United Steelworkers v. Am. Mfg. Co.*, 363 U.S. 564, 568 (1960)); *see also Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001) ("Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement."). The burden of proof is on the party seeking to vacate the award, and any doubts or uncertainties must be resolved in favor of upholding it. *Brabham v. A.G. Edwards & Sons, Inc.*, 376 F.3d 377, 385 & n.9 (5th Cir. 2004).

### C. Should the Arbitrator's Award Be Vacated?

Under § 10(a)(4) of the FAA, the court may vacate an arbitration award when "the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4). "Limitations on the arbitrators' scope of power must be clear and unambiguous or else they will be construed narrowly." *Action Indus.*, 358 F.3d at 343. A reviewing court examining whether an arbitrator exceeded his power "must resolve all doubts in favor of arbitration." *Id.*

Sayers argues that the Arbitrator exceeded his powers in this case by awarding attorney's fees to Accordant that were not permitted under the MSA or Texas law. Specifically, Sayers argues that the MSA only permits the *reimbursement* of attorney's fees, and Accordant cannot be reimbursed for contingent fees that have never been paid to his attorneys. With respect to the issue of attorney's fees, the MSA provides as follows:

> **Attorney's Fees**. If either party is required to commence legal proceedings to enforce any provisions of this Agreement or any order to protect its interests in any manner arising under this Agreement the party prevailing in such proceedings shall be entitled *to reimbursement for all reasonable costs and expenses, including attorney's fees*, included in such proceeding.

Dkt. No. 1-1 at ¶ 39 (emphasis added).

As noted, after the Arbitrator issued his Partial Award finding that Accordant was the prevailing party in the proceeding and awarded Accordant $459,392.09 in monetary damages, he ordered the parties to submit briefing on the issue of attorney's fees, costs, expenses, and interest. Dkt. No. 1-2 at p. 41-42.

Accordant's Application for Fees requested $825,165.00 in attorney's fees. Dkt. No. 5-6 at p. 6. In its Response opposing the fee request, Sayers raised the same argument it raises here, namely, that Accordant is not entitled to attorney's fees under the MSA or Texas law because Accordant retained its attorneys on a contingency fee basis, and, therefore, paid no attorney's fees to be *reimbursed*. Dkt. No. 5-7 at p. 2-3. The Arbitrator rejected this argument, finding that Accordant was entitled to reasonable attorney's fees under the MSA and noting that, "under Texas law, fees that would be charged by attorneys in a contingency fee case are recoverable." Dkt. No. 1-2 at p. 3 (citing *Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469 (Tex. 2019); *Van Dyke v. Builders W., Inc.*, 565 S.W.3d 336, 345 (Tex. App. 2018) (stating that "Texas courts have held that a party entitled to attorney's fees need not show that the fees requested were actually incurred")). Thus, the Arbitrator issued his Final Award awarding Accordant $793,565 in attorney's fees,[3] $12,989.04 in litigation costs, $72,250 in arbitration expenses, and $59,240.58 in prejudgment interest. Dkt. No. 1-2 at p. 5.

Sayers contends that the Final Award "is in direct contradiction of the MSA's express contractual terms," and the Arbitrator "exceeded his authority by giving himself the power to award recovery of – rather than reimbursement of – attorneys' fees to Accordant." Dkt. No. 5 at p. 6-7.[4] The Court disagrees.

---

[3] The Arbitrator did not award $31,600.00 of the $825,165.00 requested because he found that "travel time and expenses between Houston and Florida were not recoverable." Dkt. No. 1-2 at p. 4.
[4] Accordant argues that Sayers is attempting to apply "the manifest disregard of the law" standard to vacate the Final Award, and that such an argument is precluded by the Fifth Circuit's holding in *Citigroup Global*

The MSA merely provides that the prevailing party "shall be entitled to reimbursement for all reasonable costs and expenses, including attorney's fees." Dkt. No. 1-1 at ¶ 39. The attorney fee provision does not clearly and unambiguously prohibit the recovery of attorney's fees under a contingency fee arrangement. Because the MSA did not limit the power of the Arbitrator to award attorney's fees incurred under a contingency fee arrangement to the prevailing party, the Arbitrator was free to interpret the MSA in a manner which permitted such fees. As the Supreme Court has stated, a party seeking relief under § 10(a)(4) bears "a heavy burden:"

> It is not enough to show that the arbitrator committed an error—or even a serious error. Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits. Only if the arbitrator acts outside the scope of his contractually delegated authority— issuing an award that simply reflects his own notions of economic justice rather than drawing its essence from the contract—may a court overturn his determination. So the sole question for us is whether the arbitrator (even arguably) interpreted the parties' contract, not whether he got its meaning right or wrong.

*Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) (cleaned up). There is no question that the Arbitrator interpreted the MSA in this case and determined that Accordant was entitled to the award of reasonable attorney's fees. "That suffices to show that the arbitrator did not 'exceed[ ] [his] powers.'" *Id.* at 570 (quoting § 10(a)(4)).

The Court finds the Supreme Court's further commentary in *Oxford* applicable in this case:

> All we say is that convincing a court of an arbitrator's error—even his grave error—is not enough. So long as the arbitrator was "arguably construing" the contract—which this one was—a court may not correct his mistakes under § 10(a)(4). The potential for

---

*Markets, Inc. v. Bacon*, 562 F.3d 349, 358 (5th Cir. 2009). In that case, the court held that statutory grounds listed in § 10 are the exclusive grounds for vacatur and manifest disregard of the law is no longer a viable ground for setting aside an arbitration award. However, in its Reply, Sayers contends that it is not arguing manifest disregard of the law, but instead is arguing that the Arbitrator exceeded his authority by awarding attorney's fees that were not permitted in the MSA.

those mistakes is the price of agreeing to arbitration. As we have held before, we hold again: "It is the arbitrator's construction [of the contract] which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." The arbitrator's construction holds, however good, bad, or ugly.

*Id.* at 572-73 (citations omitted); *see also United Steelworkers*, 363 U.S. at 599 ("[T]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."); *Delek Ref., Ltd. v. Local 202*, 891 F.3d 566, 570 (5th Cir. 2018) ("This deference means that even if we believe the arbitrator seriously erred in his fact finding or contract interpretation, we will uphold a decision that is rationally inferable from the purpose of the CBA.") (citation omitted).

Based on the foregoing, Sayers has failed to sustain its heavy burden under § 10(a)(4) to show that the Arbitrator exceeded his powers in this case. Accordingly, Sayers' Motion to Vacate should be denied.

### III.    RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Sayers Construction LLC's Motion to Vacate Final Arbitration Award (Dkt. No. 5). The undersigned continues to **RECOMMEND** that the District Court **GRANT** Accordant's Application to Confirm the Final Arbitration Award in companion case A-19-CV-401-LY.

The undersigned **ORDERS** that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

## IV.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 21, 2019.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE